IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                   Criminal Case No: 1:07cr23

HOBART A. BAKER,
           Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Hobart A. Baker, appeared before me in person and by counsel, Charles E. Anderson, on April 30, 2007. The Government appeared by David E. Godwin, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the

Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Hobart A. Baker, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated January 8, 2007, and signed by him on February 28, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and

the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea

agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged his understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to not more than three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require him to pay the costs of his incarceration, the costs of community confinement and the costs of supervised release; understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his direct and collateral appeal rights as contained in his written plea agreement and determined he understood those rights and voluntarily gave them up

under the conditions as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, §922(g)(9).

The Court then heard the testimony of Government witness Gregory Perry and Defendant's allocution as to the basis for the guilty plea.

Gregory Perry testified that he is a Special Agent with the Bureau of Alcohol, Tobacco, and Firearms and Explosives ("ATF"). He became involved in Defendant's case when he received a telephone call from Three Rivers Drug Task Force Agent Fred Frederick on July 24, 2006, regarding an incident that took place on July 20, 2006. On July 20, 2006, Agent Frederick and other officers responded to Defendant's residence in Marion County, West Virginia, within the Northern District of West Virginia, based on information that Defendant was growing marijuana at his residence. Agent Frederick spoke with Defendant's wife at the residence, who then called Defendant at work. Defendant returned home and spoke with Agent Frederick about the information that he had marijuana and firearms in his residence.

Special Agent Perry testified that Defendant told Agent Frederick he did have some firearms and about two ounces of marijuana in the residence. Defendant consented to a search of the residence. The search turned up 14 firearms, miscellaneous ammunition, and approximately two ounces of marijuana. Special Agent Perry was called on July 24, for assistance with the investigation. He spoke with Agent Frederick and reviewed documents regarding the case. He field

5

tested the 14 firearms (one handgun and 13 long arms), and all were functional. He did an interstate nexus investigation, which revealed that none of the firearms were manufactured in West Virginia, and they therefore had moved in and affected interstate commerce. The 14 firearms he tested are the same as those listed in the Information.

Special Agent Perry also testified that his investigation revealed Defendant had been convicted in Marion County Circuit Court in 1985, of a felony- possession with intent to deliver a controlled substance. The investigation also showed Defendant had never applied for or received a pardon or commutation of sentence relative to the 1985 conviction.

Defendant testified that he heard and understood Special Agent Perry's testimony and did not disagree with any of that testimony. Thereupon, Defendant, Hobart A. Baker, with the consent of his counsel, Charles E. Anderson, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information. Defendant then testified he believed he was guilty of the crime charged in the one-count Information because he possessed the guns, for hunting and to give to his kids as they got older and learned to hunt. He did know, however, that he had been convicted of a felony in 1985, and understood, as least as of December 2005 (six months before the charged offense), that he was prohibited from possessing a firearm.

Based upon the testimony of Special Agent Perry, the undersigned United States Magistrate Judge finds there is an independent basis in fact for Defendant's plea of Guilty to the one-count Information. This finding is supported by Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to

the undersigned United States Magistrate Judge hearing his plea; Defendant knowingly and voluntarily waived his right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Special Agent Perry and Defendant's allocution.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It appearing that this was Defendant's first appearance before the Court, it is hereby Ordered

that Defendant is released pursuant to an Order Setting Conditions of Release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 2 day of May, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE